Iredell,
 
 JuJlice.
 

 It is my misfortune to diflent from the opinion entertained by the reft of the court upon the prefent occafion ; but I am bound" to decide, according to the dictates-of my own judgment.
 

 The. State of
 
 Georgia
 
 complains, that having a right to the-debt in queftion, that right has been difeufléd and over-ruled without giving her an opportunity to be heard.in. fupport of it, though ihe applied to the Circuit Court for that purpofe. It is-another grievance alledged, that a Writ of Error has not been
 
 *416
 
 inftituted, when., all the fails appearing upon the Record, the decifion of the Circuit Court might have undergone a full and ■ fitisfaitory revifion, before the tribunal of the laft refort. It is true, that this latter allegation is defe&ively fet forth in the Bill; for, as a Writ of Error could not be fued out without entering fecurityj the State, to entitle herfelf to any benefit from the exception, ought,, in ftriftnefs, to have tendered a fecurity to the defendant in the inferior Court. But ftill, if a writ of error had been brought, it appears to me, that it could only affeft the original Plaintiffs and Defendants in the fuit -, and the State of
 
 Georgia
 
 could not be made a party to the Record. In this fituation, it niuft, likewife, be conffdered,
 
 Georgia
 
 had not a conftitutional right to inftitute a fuit, nor could ihe, in my opinion, be admitted as a party to a proceeding in the nature of an Interpleader, in any, but the Supreme Court.
 

 The State, however, afferts a claim to the debt in controverfy, by virtue of an A£i of Confifcation; and the debtor admits that he ought to pay the amount of his bond, but is doubtful to which of the contending parties it ought to be paid. Now, without the equitable interpofition of this court, I think there will be a defeat of juftice ; for it is obvious to me, either that the ftate can have no remedy at law, or at leaft that the remedy at law will not be “ plain, adequate, and complete.” Two pofitions have been taken, in oppofition to this opinion:
 
 iff.
 
 That if the ftate is entitled to the debt, • Ihe may maintain an aifion on the bond againft the obligors :—Or
 
 2d.
 
 That the State might bring an aftion of
 
 Ajfumpfit
 
 for money had and received, &c againft
 
 Brailsford,
 
 if
 
 Brailsford
 
 had no right to recover, or retain it. I will curforily confider botji thefe pofitions.
 

 1/?. In the
 
 firf
 
 place, it is to be recollected, that the bond is merged in the judgement; and although the judgement is faid. tó be generally binding only on the parties, yet it is good againft ail the world, .until it is reverfed in a regular courfe of law. To any other fuit, for the fame caufe,
 
 Spalding
 
 might plead the previous judgment in bar ; and the plea could only be defeated by {hewing fraud, or coliufion. There is no pretence, however, for an imputation.of that kind here; fince
 
 Spalding
 
 fet forth the title of Georgin as fully as the ftate herfelf could have done: And would it not be monftrous, after a judgment rendered under fuch ci'rcumftances, to compel him again to pay the fame debt ? There is neither principle, nor precedent, for fo harfh and oppreflive a doCtrine.
 

 But if a fuit could be maintained upon the bond by the ftate, how is ihe to obtain poffeflion of the inftrnment, without the aid-of .a court of eqdity? Suppbfe it has been depofited with the Clerk of the Circuit Court:—that officer cannot deliver it to the ftate, without the judicial mandate of a fdperior
 
 *417
 
 Tribunal* Suppofe it remains in the hands of Brailsford.; he can hardly be expected voluntarily, to furnifh his antagonift with the means of combat. In ihort, it is only by the authority of this Court, fitting asa Court "of Equity, either that the operation of the judgment obtained at common law, againft Spald-
 
 ing,
 
 can be prevented from becoming conclufive on the queftion of right; or that the State of -
 
 Georgia
 
 can be enabled to maintain her claim upon its merits.
 

 2d.
 
 It is urged, however, that the State has another remedy at law, by an aclion of
 
 AJfumpft
 
 for money had and received, againft
 
 Brailsford..
 
 This is, indeed, the legal
 
 panacea
 
 of modern times; and may, perhaps, be beneficially applied to a great variety of cafes. Tut, it cannot be pretended, that this form of adtion will lie, before the defendant has actually re-‘ ceived the money, which the plaintiff demands. In the pre-fent inftance, the money has not been received by
 
 Brailsford-i
 
 and, of courfe, he cannot be compelled to account for it to
 
 Georgia.
 

 The cafe of
 
 Mofes v. M^Farlane,
 
 2
 
 Burr.
 
 IOOJ. if at all applicable to-the points now in controverfy, will be found more favorable, I think, to the opinion, which I entertain, than to the opinion, which it has been cited to ■ fupport. From that cafe (which prefents a moft unconfcionable conduit on the part of the defendant) it is to be inferred, as I have already ftated, that a judgment is a perpetual bar, againft a fecond recovery for the fame caufe, unlefs it is tainted with fraud and collufion: But the
 
 King's Bench
 
 proceed in deciding the queftion then before them on this ground, principally, that the inferior Court, the Court of Confcience, could not take cognizance of the collateral matter, which conftituted' the defence ; -whereas, in the prefent inftance, the matter pleaded by
 
 Spalding,
 
 was perfeilly within the cognizance and jurifdiition of the Circuit Court.
 

 From this view of the fubject, therefore, I am induced to conclude, that the State of
 
 Georgia
 
 has no remedy at law ; and, it is fufficient for an incipient exercife of the jurifdiftion of this Court, that fhe has (hewn a color of title to recover the money, and that the money is in danger of being paid to another claimant. I abftain from giving any opinion upon the judgment o'f .the Circuit Court ; but, certainly, I ihould never have con-fented to iffue an-.injunction, if I had thought the legal remedy of the State was plain, adequate, and compleat. If the bill is fuftained, the money will be preferved in neutral hands ; and the Court may dire£t an iffue to be tried at the bar, in order to afcertain, whether the State of
 
 Georgia,
 
 or
 
 Brailsford,
 
 is the right owner.
 

 Blair, Jufice.
 

 My fentiments have coincided, ’till this moment, with the fentiments entertained by the majority of the
 
 *418
 
 Court; but a doubt has juft occurred, which I think it my ⅛
 
 ty
 
 to declare.
 

 I do not conceive, indeed, that any judgment, can be binding upon the rights and intereft.s of a third perfon, who is not a party to the fuit. The very nature of a bill of Interpleader pre-fuppofes, that the party by whom it is exhibited, would be liable a fecond time, if he ihould either voluntarily, or other-wife, pay'the money which he owes, to a wrong claimant. A judgment would not, therefore, in fuch a cafe, be a bar to the aftipn of the claimant, who is legally entitled ; and who might either bring Detinue, o.r
 
 Trover,
 
 for the bond, againft the pof-feffor of it.5 or if He inftituted an acftion of debt againft the obligor, the Court-might on a proper hearing, order the inftru» ment to be delivered into his hands.
 

 Prefuming, then, that there was a remedy at law, I have hitherto thought that there was no ground for the interference of this Court, as a Court of Equity. But, upon reflection, it appears, that if Brailsford, who is a
 
 Britijh
 
 fubjeCt, ihould get the money,' under the prefent judgment, and leave the country, there would be great danger of a failure of juitice. It was for thisreafon, that the Injunction was originally granted ; and I think the reafon ought to carry us ftill farther. Admitting that
 
 Georgia
 
 has a complete remedy at law ; her right, though not .'fupported by hérfelf, has been ftated to the Circuit Court; and 'though the judgment in that caféis rtotbinding upon her, yet, in any future fuit brought by her againft
 
 Spalding ',
 
 who is bound by the judgment, a limilar difficulty will arile ; for, the Court would then be-called upon to decide, in the abfence of
 
 Brailsford
 
 (who'coiild not be a party to the common law fuit) upon his claim, as'well as upon the claim of
 
 Georgia.
 

 Since, therefore. there is no other Court, that can bring all the parties before them, and'dogeneral and complete juftice, it is my opinion, that the bill in equity ought to be fuftained ; and that the fubjedt ihould be no further referred to a Court of law, than to obtain an opinion upon the legal title to the debt in controverly.
 

 Jay,
 
 Chief Jufice.
 

 All the Court, except the Judges who have juft delivered their fentiments, are of opinion, that, if the State of
 
 Georgia
 
 has, a right to the debt, due originally ,from
 
 Spalding
 
 to Brailsford, it is a right to be purfued at common law.
 

 ■ The bill, however, was founded in the higheft equity ; and , the ground of equity for granting an injunction continues the fame—namely, that the money, ought to be kept for the party
 
 *419
 
 to whom it belongs. "We ihall,- therefore, continue the in-jundlion ’till the next Term ; when, however, if
 
 Georgia
 
 has 'nor inftituted.her a ¿lion, at common law, it will be diffolved.
 
 *
 

 *
 

 An amicable action .was accordingly entered and tried at the bar of the Supreme Court, in
 
 February
 
 Term 1794.!
 
 (s.ee
 
 3
 
 Vo!. ¡1,.
 
 1. J when a verdict was given for the Defendant
 
 ¿’Br.ailsfor'dJ
 
 and ths-Iiir-ju net ios was, of cour.fe, diffolved.